JUSTICE NELSON
dissents.
¶57 I join Justice Warner’s well-reasoned dissenting opinion. In its rush to punish Jane for her conduct (which we all condemn[1]), the majority have set an enormously bad precedent-indeed, one which makes a laughingstock of Canon 4 of the Judicial Canons of Ethics. This Canon provides that “[a] judge’s official conduct should be free from ... the appearance of impropriety ....”
¶58 In bald terms, what the majority now permits is this: Attorney Smith, for his usual fee, gives legal advice to XYZ Company about its dispute with ABC, Inc., over the parties’ widget dealership contract. A month later, Smith is appointed (or is elected) judge of the local trial court. Within a few weeks, XYZ Company, represented by new counsel, sues ABC, Inc., for breach of the widget dealership contract. Judge Smith presides over the case and the trial. ABC, Inc., unaware of Judge Smith’s prior relationship with XYZ Company, does not exercise its right to substitute him out of the case.
¶59 According to the majority, it is perfectly proper for Judge Smith to sit on XYZ Company v. ABC, Inc., and, presumably, render a judgment in favor of his former client, because “the plain language of § 3-1-803(3), MCA, does not prohibit a judge from presiding in an action or proceeding unless the representation occurred in the action or proceeding.” See ¶ 19 herein (emphasis added). Judge Smith is *204 within the perceived statutory loophole because he was never counsel of record for XYZ Company in its suit against ABC, Inc. He just gave XYZ Company advice that may well have prompted or facilitated the suit-advice, coincidentally, in which he has a vested interest.
¶60 The majority exalts form over substance. Section 1-3-219, MCA. Section 3-1-803(3), MCA, provides that a judge “must not sit or act in any action or proceeding ... [w]hen he has been attorney or counsel in the action or proceeding for any party ....” In fixating on a portion of the statutory language, the majority completely discounts the obvious intendment of the statue-that being to preclude judges from sitting on cases in which they have had an attorney-client relationship with one of the parties to a dispute which eventually comes before the judge.
¶61 It is a distinction without a difference that Judge Smith can sit on XYZ Company v. ABC, Inc., in the scenario described above (and the one in the case at bar), but he cannot preside if he, as counsel for XYZ Company, had filed the suit against ABC, Inc., four weeks before he was appointed or elected to the bench. The evil addressed by the statute is precisely the same-in either case the judge had an attorney-client relationship with one of the parties to a particular dispute and now will be judging the merits of the same dispute. The point at which the dispute matured into an actual lawsuit is substantively meaningless.
¶62 Moreover, as Justice Warner states, Judge Gustafson’s subjective awareness of her prior attorney-client relationship with Jane is beside the point. Taking Judge Gustafson at her word that she did not recall her prior attorney-client relationship with Jane (and I do take her at her word), that relationship having been brought to her attention-albeit belatedly and vexatiously-she was required under the statute to disqualify herself and appoint another judge to preside over further proceedings in the case.
¶63 Jane should be punished for her conduct. However, in so doing, we should not set a precedent that makes a mockery of the appearance of fairness and propriety — the foundational supports of an independent judiciary.
¶64 The bench, bar and public should be shocked by this decision
¶65 I join in dissenting with Justice Warner.

 And which, as Justice Warner points out, can be otherwise punished.